482        City of Chicago *v.* Hobson *et al.*        [Sept. T.,

Syllabus.   Opinion of the Court.

## City of Chicago

*v.*

## Robert M. Hobson *et al.*

City ordinance—*in relation to inspection of fish—construction thereof.*
A city ordinance, requiring that all fresh water fish in packages, brought
into the city for sale, shall, before being sold, be inspected and branded, and
imposing a penalty for its violation, does not render a person liable to the
penalty for selling such fish in packages not inspected and branded, when
the same are made up from other packages that have been duly inspected
and branded.

Appeal from the Recorder's Court of the city of Chicago;
the Hon. William K. McAllister, Judge, presiding.

The opinion states the case.

Messrs. Hervey, Anthony & Galt, for the appellant.

Messrs. Sleeper, Whiton & Durham, for the appellees.

Mr. Chief Justice Breese delivered the opinion of the Court:

This action was brought before a police justice of the city
of Chicago, to recover a penalty for the violation of one of
the ordinances of that city, entitled, "Inspection of Fish."
A recovery was had before the justice, which, on appeal to the
recorder's court, was reversed, and a judgment rendered for
the defendants.

The following is the section on which the action was brought:

" Section 5.   Any and all persons bringing or causing to be
brought, to the city of Chicago, or receiving on consignment
or otherwise, for the purpose of sale, any fresh water fish in
packages, shall have the same duly inspected by the fish

inspector of the city of Chicago before such fish shall be sold or in any way disposed of; and it shall be the duty of every person having such fish in possession for the purpose of selling or dealing in the same, and of every consignee having fish on consignment, before the said fish shall be sold or in any way disposed of, to give notice to the inspector, and have such fish duly inspected and branded ; and for this purpose such person shall arrange the packages in a convenient manner, and have them in a suitable place.

" Any person or persons violating any of the provisions of this section, shall be fined in a sum not to exceed twenty-five dollars for every barrel or other package of fish so sold without such inspection."

The charter of the city provides, among other things, as follows :

" SECTION 10.   It shall be the duty of the fish inspector to inspect all pickled or salted fresh water fish sold or received for sale or on consignment in the city of Chicago.   Any person or persons bringing or causing to be brought to the city of Chicago for the purpose of sale any fresh water fish, shall have the same duly inspected by the said inspector before such fish shall be sold, or in any way disposed of; and it shall be the duty of every person having such fish in his possession, for the purpose of selling or dealing in the same, and of every consignee having fish on consignment, before the said fish shall be sold or in anywise disposed of, to give notice to the inspector, and have such fish duly inspected and branded ; and for this purpose, such person shall arrange the packages in a convenient manner, and have them in some suitable place.

" It shall be the duty of the inspector, on due application of any person or persons having such fish in possession, to repair to the place of deposit of such fish, if the same shall be within the limits of the city of Chicago, and inspect the same with

as little delay as possible. The said inspector shall procure sealed weights, and carefully weigh all fish offered for inspection; and to entitle said inspector to grant a certificate of due inspection, or to brand the packages as duly inspected, he shall first find that the contents and weights of the several packages are as follows, viz : each barrel shall contain 200 lbs.; each half barrel shall contain 100 lbs.; each quarter barrel shall contain 50 lbs., and each eighth barrel shall contain 25 lbs. Such inspector shall, also, on branding any package of fish, plainly and distinctly mark on the head of each package, in some indelible manner, the kind, quantity and quality of fish contained in each package, respectively, together with his name, and the year and month in which the same shall have been inspected."

The facts were these : The defendants, on the twenty-second day of July, 1869, sold to a purchaser five packages of white fish, of fifteen pounds each, and five packages of trout of the same. They were branded with the defendants' brand, as packed No. 1 white fish— No. 1 trout, and were of that quality. The packages had no fish inspector's brand upon them. They were, originally, in half barrels, containing one hundred pounds; had been inspected by the fish inspector of Chicago, and each package, or half barrel, had his inspection brand upon it, showing the quality and quantity, and the month and year in which he had inspected them. The defendants broke these packages, or half barrels, for the purpose of packing them into fifteen pound packages, and having them arranged in such packages, in a convenient manner and in a suitable place, they applied to the fish inspector to inspect them and brand them, which he refused to do, on the ground they did not contain twenty-five pounds each. This was before the sale, as above stated, and were the same fish defendants had requested the inspector to brand.

The question is, were the defendants liable to this penalty ?

The case has very much the appearance of being gotten up for the benefit of fish inspectors, and with speculative views.

Without going into the consideration of the various points made by appellant's counsel, we deem it sufficient to advert to the terms of the ordinance itself. By that, it is very clear the only inspection demanded is of barrels, half barrels, quarter barrels and eighth barrels, the latter of a weight not less than twenty-five pounds. Of such packages an inspection is demanded before the fish can be sold.

This demand of the ordinance had been complied with before the fish in question were sold. It would be hard, indeed, upon a retailer of this article, after the law had been observed, and his package branded by the inspector, that he should not be at liberty to break it up into smaller packages for the accommodation of his trade.

The inspector was called upon to inspect the packages when arranged into packages of fifteen pounds, which he declined to do, on the ground that they contained less than twenty-five pounds. In this he pursued the ordinance.

The defendants violated no law in disposing of the packages. The judgment of the court below must be affirmed.

*Judgment affirmed.*